Exhibit "1"

ORDINANCE NO.   183241

An ordinance adding Article 6 to Chapter XVIII of the Los Angeles Municipal Code requiring a minimum wage for hotel workers and repealing Article 4 of Chapter X of the Los Angeles Municipal Code.

### THE PEOPLE OF THE CITY OF LOS ANGELES
### DO ORDAIN AS FOLLOWS:

Section 1. A new Article 6 is added to Chapter XVIII of the Los Angeles Municipal Code to read as follows:

### ARTICLE 6

### CITYWIDE HOTEL WORKER MINIMUM WAGE ORDINANCE

**SEC. 186.00. PURPOSE.**

The City has made significant financial investments to create a climate that has allowed the hospitality industry to thrive in Los Angeles. For example, the City assists in providing and maintaining free public tourist attractions and in helping to build and maintain the public transportation system that carries visitors around the City, including to and from hotels. The City's investments have helped the hospitality industry, which has enjoyed three consecutive years of growth, achieve an occupancy rate of 78 percent (far better than the national average of 62 percent) and a "revenue per room available" rate of $111 – a 14 year high for Los Angeles. Because hotels receive benefits from City assets and investments and because the City and its tourist industry benefit from hotels with experienced and content workers with low turnover, it is fair and reasonable that hotels pay their employees a fair wage. It will benefit the local economy and benefit City visitors, residents and businesses.

According to the Economic Development Department, 43 percent of the people who work in hotels in Los Angeles earn wages that put them below the federal poverty line. Wages paid to hotel employees are economically restrictive and prevent many hospitality employees from exercising purchasing power at local businesses, which takes a toll on the local economy. According to research based on modeling by the Economic Policy Roundtable, increasing wages for hotel workers could generate more than $70 million in economic activity for Los Angeles. These employees, who live paycheck to paycheck, are frequently forced to work two or three jobs to provide food and shelter for their families. In many instances, they cannot take time to spend with their children or care for themselves or family when sick. They also rely on the public sector as a provider of social support services and, therefore, the City has an interest in promoting an employment environment that protects government resources. In requiring the payment of a higher minimum wage, this article benefits that interest.

In 2007, the Los Angeles City Council passed a living wage ordinance for workers employed in hotels near Los Angeles International Airport (LAX), and in 2009 passed an ordinance that raised the wages for airport employees. The living wage for LAX hotel workers and airport employees has resulted in higher pay and real benefits for low-income families, and the hotels around LAX have thrived. In recent years, LAX passenger traffic has steadily increased (a 4.7 percent increase in 2013, following a 3 percent increase in 2012) in part due to City investment in infrastructure that draws tourists to Los Angeles and encourages them to come back and visit the City repeatedly. Tourism is one of the largest industries in the City, hosting millions of people per year. Hotel workers frequently are the face of the industry, providing services directly to tourists.

Income equality is one of the most pressing economic, social and civil rights issues facing Los Angeles. By proceeding incrementally and applying a minimum wage to hotel workers at larger hotels, including a hardship waiver for certain affected hotels, and by including the Los Angeles Airport Enterprise Zone (AHEZ) hotels which are already paying a higher than state-mandated minimum wage, the City seeks to promote the health, safety and welfare of thousands of hotel workers by ensuring they receive decent compensation for the work they perform. The City also seeks to improve the welfare of hotel workers by mandating that a hotel employer pay service charges to their workers. When a service charge is listed on customer's bill, often times there is a reduction in the gratuity to the hotel worker on the assumption that the service charge is automatically paid to the hotel worker. This ordinance guarantees that a hotel worker gets paid for any service charge a customer reasonably would believe is intended for the worker who actually performed the service.

A large hotel, one containing more than 150 rooms, is in a better position to absorb the cost of paying living wages to its employees and also to absorb costs without layoffs. First, large hotels more often are part of international, national or regional chains. A large hotel that is part of a chain of hotels may more easily relocate or transfer employees to other hotels in the chain rather than laying off employees. Second, a large hotel often has sources of income beyond mere room rental, including special event revenue, conference revenue and revenue from other hotel amenities such as gymnasiums, business centers and restaurants. A large hotel is better able than a small hotel to ensure high room occupancy through access to chain hotel "reward" points. A large hotel tends to have a larger advertising budget than a small hotel, which enables a large hotel to advertise more broadly and extensively, which in turns makes more likely the possibility that occupants in a large hotel are out of town tourists and business travelers drawn to the City due, in part, to the City's investment in tourism and business infrastructure and services. Lastly, a large hotel may more easily absorb the cost of paying employees a higher wage through the economies of scale in operating a large hotel compared to the costs of operating a small hotel.

### SEC. 186.01. DEFINITIONS.

The following definitions shall apply to this article:

A. "**AHEZ Hotel**" means any Hotel within the Airport Hospitality Enhancement Zone, which encompasses the boundaries of the Gateway to LA Property Business Improvement District (Gateway to LA PBID), established by Ordinance Number 177,211, containing 50 or more guest rooms, or suites of rooms located within that area. "AHEZ Hotel" also includes any contracted, leased, or sublet premises connected to or operated in conjunction with the building's purpose, or providing services at the building. If the Gateway to LA PBID ceases to exist, the boundaries at the time of dissolution shall remain in effect for purposes of this article.

B. "**City**" means the City of Los Angeles.

C. "**Designated Administrative Agency (DAA)**" means the Department of Public Works, Bureau of Contract Administration, which shall publish any annual wage rate adjustment pursuant to Section 186.02 A of this article.

D. "**Hotel**" means a residential building that is designated or used for lodging and other related services for the public, and containing 150 or more guest rooms, or suites of rooms (adjoining rooms do not constitute a suite of rooms). "Hotel" also includes any contracted, leased or sublet premises connected to or operated in conjunction with the building's purpose, or providing services at the building. The number of guest rooms, or suites of rooms, shall be calculated based on the room count on the opening of the Hotel or on December 31, 2012, whichever is greater. "Hotel" also includes all AHEZ Hotels.

E. "**Hotel Employer**" means a Person who owns, controls and/or operates a Hotel in the City, or a Person who owns, controls and/or operates any contracted, leased or sublet premises connected to or operated in conjunction with the Hotel's purpose, or a Person who provides services at the Hotel.

F. "**Hotel Worker**" means any individual whose primary place of employment is at one or more Hotels and who is employed directly by the Hotel Employer, or by a Person who has contracted with the Hotel Employer to provide services at the Hotel. "Hotel Worker" does not include a managerial, supervisory or confidential employee.

G. "**Person**" means an individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, business trust, estate, trust, association, joint venture, agency, instrumentality, or any other legal or commercial entity, whether domestic or foreign.

H. "**Service Charge**" means all separately-designated amounts, regardless of name or label, collected by a Hotel Employer from a customer for service by Hotel Workers, or described in such a way that customers might reasonably believe that the amounts are for the service including, but not limited

to, those charges designated on receipts under the term "service charge," "delivery charge" or "porterage charge."

  I.  **"Willful Violation"** means that the Hotel Employer deliberately failed or refused to comply with the provisions of this article.

### SEC. 186.02. PAYMENT OF MINIMUM COMPENSATION TO HOTEL WORKERS AND PROVISION OF TIME OFF.

  A.  **Wages.** In accordance with Section 186.04 of this article, Hotel Employers shall pay Hotel Workers a wage of no less than the hourly rates set under the authority of this article. The minimum wage for each Hotel Worker shall be $15.37 per hour, not including gratuities, Service Charge distributions or bonuses. Starting on July 1, 2017, and continuing thereafter, this rate shall continue to be adjusted as of July 1 of each year consistent with any adjustment pursuant to Section 10.37.2(a) of the Los Angeles Administrative Code. The DAA shall publish a bulletin announcing the adjusted rates, which shall take effect on July 1 of each year.

  B.  **Time Off.**

    1.  **Compensated Time Off.** A Hotel Employer shall provide at least 96 compensated hours off per year for sick leave, vacation, or personal necessity to full time Hotel Workers to be made available at the Hotel Worker's request.

      (a)  A full time Hotel Worker is classified as someone who works at least 40 hours a week or in accordance with the Hotel Employer's policies, if more generous. A full time Hotel Worker shall accrue at least 96/52 hours of compensated time off each week in a calendar year that the Hotel Worker has been employed by the Hotel Employer. Compensated time off does not accrue for work in excess of 40 hours a week. Full time Hotel Workers that work less than 40 hours a week will receive the compensated time off in proportional increments.

      (b)  A part time Hotel Worker is classified as someone who works less than 40 hours per week or in accordance with the Hotel Employer's policies, if more generous. A part time Hotel Worker shall accrue compensated time off in increments proportional to that accrued by someone who works 40 hours a week, in accordance with Section 186.02.B.1(a).

      (c)  General Rules for Compensated Time Off.

        (i)  A Hotel Worker must be eligible to use accrued paid compensated time off after the first six months of employment or consistent with company policies, whichever is sooner.

4

    (ii) A Hotel Employer may not unreasonably deny a Hotel Worker's request to use the accrued compensated time off.

    (iii) Unused accrued compensated time off will carry over until the time off reaches a maximum of 192 hours, unless the Hotel Employer's established policy is more generous.

    (iv) After a Hotel Worker reaches the maximum accrued compensated time off, a Hotel Employer shall provide a cash payment once every 30 days for accrued compensated time off over the maximum. A Hotel Employer may provide a Hotel Worker with the option of cashing out any portion of, or all of, the Hotel Worker's accrued compensated time off under the maximum, but, in no event, shall the Hotel Employer require a Hotel Worker to cash out any accrued compensated time off. Compensated time off cashed out shall be paid to the Hotel Worker at the wage rate that the Hotel Worker is earning at the time of cash out.

    (v) A Hotel Employer may not implement any employment policy to count accrued compensated time off taken under this article as an absence that may result in discipline, discharge, suspension, or any other adverse action.

  2. **Uncompensated Time Off.** Hotel Employers shall also permit full time Hotel Workers to take at least 80 additional hours per year of uncompensated time off to be used for sick leave for the illness of the Hotel Worker or a member of his or her immediate family where the Hotel Worker has exhausted his or her compensated time off for that year.

    (a) A full time Hotel Worker is classified as someone who works at least 40 hours a week or in accordance with the Hotel Employer's policies, if more generous. A full time Hotel Worker shall accrue at least 80/52 hours of uncompensated time off each week in a calendar year that the Hotel Worker has been employed by the Hotel Employer. Uncompensated time off does not accrue for work in excess of 40 hours a week. Full time Hotel Workers that work less than 40 hours a week will receive the uncompensated time off in proportional increments.

    (b) A part time Hotel Worker is classified as someone who works less than 40 hours per week or in accordance with the Hotel Employer's policies, if more generous. A part time Hotel Worker shall accrue uncompensated time off in increments proportional to that accrued by someone who works 40 hours a week, in accordance with Section 186.02.B.2(a).

    (c) General Rules for Uncompensated Time Off.

5

(i) A Hotel Worker must be eligible to use accrued uncompensated time off after the first six months of employment or consistent with company policies, whichever is sooner.

(ii) A Hotel Employer may not unreasonably deny a Hotel Worker's request to use the accrued uncompensated time off.

(iii) Unused accrued uncompensated time off will carry over until the time off reaches a maximum of 80 hours, unless the Hotel Employer's established policy is more generous.

(iv) A Hotel Employer may not implement any employment policy to count uncompensated time off taken under this article as an absence that may result in discipline, discharge, suspension, or any other adverse action.

### SEC. 186.03. SERVICE CHARGES.

A. Service Charges shall not be retained by the Hotel Employer but shall be paid in the entirety by the Hotel Employer to the Hotel Worker(s) performing services for the customers from whom the Service Charges are collected. No part of these amounts may be paid to supervisory or managerial employees. The amounts shall be paid to the Hotel Worker(s) equitably and according to the services that are related to the description of the Service Charges given by the Hotel Employer to the customer. The amounts shall be paid to the Hotel Worker(s) in the next payroll following collection of an amount from the customer, including without limitation:

1. Amounts collected for banquets or catered meetings shall be paid equally to the Hotel Worker(s) who actually work the banquet or catered meeting;

2. Amounts collected for room service shall be paid to the Hotel Worker(s) who actually deliver food and beverage associated with the charge; and

3. Amounts collected for porterage service shall be paid to the Hotel Worker(s) who actually carry the baggage associated with the charge.

### SEC. 186.04. INCREMENTAL APPLICATION OF MINIMUM WAGE PROVISIONS.

A. **Hotels with 300 or more rooms.** On July 1, 2015, Hotel Employers with Hotels containing 300 or more guest rooms, or suites of rooms shall pay Hotel Workers according to the provisions in Section 186.02 of this article.

B. **Hotels with 150 or more rooms.** On July 1, 2016, Hotel Employers with Hotels containing 150 or more guest rooms, or suites of rooms shall pay Hotel Workers according to the provisions in Section 186.02 of this article.

C. **AHEZ Hotels.** On July 1, 2015, AHEZ Hotel Employers shall pay AHEZ Hotel Workers solely according to the provisions in Section 186.02 of this article. Prior to July 1, 2015, AHEZ Hotel Employers shall pay their AHEZ Hotel Workers as provided below (consistent with the former Los Angeles Municipal Code (LAMC) Sections 104.104.A, 104.104.B and 104.105.A):

1. **Wages.** AHEZ Hotel Employers shall pay AHEZ Hotel Workers a wage of no less than $11.03 per hour with health benefits, not including gratuities, Service Charge distributions, or bonuses, or $12.28 per hour without health benefits, not including gratuities, Service Charge distributions, or bonuses.

2. **Compensated Days Off.** AHEZ Hotel Employers shall provide AHEZ Hotel Workers at least 12 accrued compensated days off per year for sick leave, vacation, or personal necessity at the AHEZ Hotel Worker's request. AHEZ Hotel Employers shall also permit AHEZ Hotel Workers to take at least an additional ten accrued days a year of uncompensated time to be used for sick leave for the illness of the AHEZ Hotel Worker or a member of his or her immediate family where the AHEZ Hotel Worker has exhausted his or her compensated days off for that year.

3. **Rate.** Health benefits under this article shall consist of the payment of at least $1.25 per hour towards the provision of health care benefits for AHEZ Hotel Workers and their dependents. Proof of the provision of these benefits must be kept on file by the AHEZ Hotel Employer, if applicable.

### SEC. 186.05. NOTIFYING HOTEL WORKERS OF THEIR POTENTIAL RIGHT TO THE FEDERAL EARNED INCOME CREDIT.

Hotel Employers shall inform Hotel Workers of their possible right to the federal Earned Income Credit (EIC) under Section 32 of the Internal Revenue Code of 1954, 26 U.S.C. Section 32.

### SEC. 186.06. RETALIATORY ACTION PROHIBITED.

No Hotel Employer shall discharge, reduce in compensation or otherwise discriminate against any Hotel Worker for opposing any practice proscribed by this article, for participating in proceedings related to this article, for seeking to enforce his or her rights under this article by any lawful means, or for otherwise asserting rights under this article.

### SEC. 186.07. ENFORCEMENT.

A. A Hotel Worker claiming violation of this article may bring an action in the Superior Court of the State of California against a Hotel Employer and may be awarded:

      1.      For failure to pay wages required by this article – back pay for each day during which the violation continued.

      2.      For retaliatory action – reinstatement, back pay and other legal or equitable relief the court may deem appropriate.

      3.      For Willful Violations, the amount of monies to be paid under Sections 186.07 A.1 and 2 of this article shall be trebled.

      B.      If a Hotel Worker is the prevailing party in any legal action taken pursuant to this article, the court shall award reasonable attorney's fees and costs as part of the costs recoverable.

### SEC. 186.08. EXEMPTION FOR COLLECTIVE BARGAINING AGREEMENT.

All of the provisions of this article, or any part of the article, may be waived in a bona fide collective bargaining agreement, but only if the waiver is explicitly set forth in that agreement in clear and unambiguous terms. Unilateral implementation of terms and conditions of employment by either party to a collective bargaining relationship shall not constitute or be permitted as a waiver of all or any part of the provisions of this article.

### SEC. 186.09. ONE-YEAR WAIVER FOR CERTAIN HOTEL EMPLOYERS.

This article is not intended to cause reduction in employment or work hours for Hotel Workers. Therefore, the City Controller may grant a waiver from the requirements of this section if a Hotel Employer can demonstrate to the City Controller by compelling evidence that compliance with this article would force the Hotel Employer, in order to avoid bankruptcy or a shutdown of the Hotel, to reduce its workforce by more than 20 percent or curtail its Hotel Workers' total hours by more than 30 percent. The City Controller shall reach a determination only after reviewing and auditing, if necessary, the Hotel Employer's financial condition, with such review or audit paid for, at rates set by the City Controller, by the Hotel Employer. Any waiver granted by the City Controller is valid for no more than one year. The City Controller's determination on a waiver application shall be subject to review and reversal by a two-thirds vote of the City Council within ten business days of the City Controller's determination.

### SEC. 186.10. NO WAIVER OF RIGHTS.

Except for bona fide collective bargaining agreements, any waiver by a Hotel Worker of any or all of the provisions of this article shall be deemed contrary to public policy and shall be void and unenforceable. Any attempt by a Hotel Employer to have a Hotel Worker waive rights given by this article shall constitute a Willful Violation of this article.

8

### SEC. 186.11. COEXISTENCE WITH OTHER AVAILABLE RELIEF FOR SPECIFIC DEPRIVATIONS OF PROTECTED RIGHTS.

The provisions of this article shall not be construed as limiting any Hotel Worker's right to obtain relief to which he or she may be entitled at law or in equity.

### SEC. 186.12. CONFLICTS.

Nothing in this Chapter shall be interpreted or applied so as to create any power or duty in conflict with any federal or State law.

### SEC. 186.13. SEVERABILITY.

If any provision of this article is found invalid by a court of competent jurisdiction, the remaining provisions shall remain in full force and effect.

Sec. 2. Article 4 of Chapter X of the Los Angeles Municipal Code, which established wage rates and benefits for Hotel Workers in the Airport Hospitality Enhancement Zone, is repealed in its entirety.

Sec. 3. The City Clerk shall certify to the passage of this ordinance and have it published in accordance with Council policy, either in a daily newspaper circulated in the City of Los Angeles or by posting for ten days in three public places in the City of Los Angeles: one copy on the bulletin board located at the Main Street entrance to the Los Angeles City Hall; one copy on the bulletin board located at the Main Street entrance to the Los Angeles City Hall East; and one copy on the bulletin board located at the Temple Street entrance to the Los Angeles County Hall of Records.

I hereby certify that the foregoing ordinance was introduced at the meeting of the Council of the City of Los Angeles __SEP 2 4 2014__, and was passed at its meeting of __OCT 0 1 2014__.

HOLLY L. WOLCOTT, City Clerk

By _____
                                   Deputy

Approved ____10/6/14____

_____
                                   Mayor

Approved as to Form and Legality

MICHAEL N. FEUER, City Attorney

By __Basia Jankowski__
    BASIA JANKOWSKI
    Deputy City Attorney

Date __9-23-14__

File No. __14-0223__

M:\GENERAL COUNSEL DIVISION\REPORTS AND ORDINANCES\GCPG ORDINANCES\Draft Citywide Hotel Minimum Wage Ordinance 9-19-14.docx

10