1  Kristina S. Azlin (SBN 235238)
   John A. Canale (SBN 287287)
2  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
3  Los Angeles, California  90071
   Telephone: 213.896.2400
4  Facsimile: 213.896.2450
   E-mail:  kristina.azlin@hklaw.com,
5  john.canale@hklaw.com

6  Michael Starr
   Katherine H. Marques
7  HOLLAND & KNIGHT LLP
   31 West 52nd Street
8  New York, NY 10019
   Telephone: 212.513.3200
9  Facsimile: 212.385.9100
   E-mail: michael.starr@hklaw.com
10
   Attorneys for Plaintiffs
11 American Hotel & Lodging Association and
   Asian American Hotel Owners Association
12

*Holland & Knight LLP*
*400 South Hope Street, 8th Floor*
*Los Angeles, CA 90071*
*Tel: 213.896.2400  Fax: 213.896.2450*

13              **UNITED STATES DISTRICT COURT**

14     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

15

16 AMERICAN HOTEL & LODGING          ) CASE NO. 2:14-cv-09603-AB-SS
   ASSOCIATION, et al.               ) Assigned to Hon. Andre Birotte Jr.
17                                   )
            Plaintiffs,              )
18                                   )
        vs.                         ) DECLARATION OF
19                                   ) LYNN MOHRFELD IN SUPPORT
   CITY OF LOS ANGELES,             ) OF PLAINTIFFS' MOTION FOR
20                                   ) PRELIMINARY INJUNCTION
            Defendant.              )
21                                   )
                                     ) Date:   March 23, 2015
22                                   ) Time:   10:00 a.m.
                                     ) Place:  790, Roybal
23                                   )
                                     ) Complaint Filed: December 16, 2014
24 _____ )

25

26

27

28
                            1
   _____
              DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

**DECLARATION OF LYNN S. MOHRFELD**

I, LYNN S. MOHRFELD, the undersigned, hereby declare and state as follows:

1.     I am President and CEO of the California Hotel & Lodging Association ("CH&LA"), and have over twenty-five years of experience in the hospitality industry.  I give this declaration in support of the Motion for Preliminary Injunction filed in the above-captioned matter by Plaintiffs American Hotel & Lodging Association ("AH&LA") and Asian American Hotel Owners Association ("AAHOA").  I have personal knowledge of the matters stated below except for those stated on information and belief, which I am informed and believe are true.  I could testify to each of the facts stated below under penalty of perjury if called upon to do so.

2.     I have reviewed some of the documents which have been produced in response to a Public Records Act request of the AH&LA directed to the Los Angeles City Council and its members, which inform, in part, the facts and opinions expressed in my declaration.[1]

**Introduction to CH&LA**

3.     CH&LA, with offices at 414 29th Street, Sacramento California, is the largest state lodging industry association in the country, and is a Partner State Association of AH&LA.  CH&LA is a resource for communicating, protecting and promoting the rights and interests of the California lodging industry, for providing educational training and cost-saving programs for all segments of the industry, and for supporting strategic alliances to promote the value of California tourism and travel.

---

[1] For the purpose of not burdening the record, the documents that were produced to AH&LA in response to the PRA request which I reviewed are marked herein with an asterisk (*), and are attached hereto collectively as Exhibit "A" and are incorporated herein by this reference as though set forth in full.

2

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

4.    CH&LA, and other lodging industry associations, including the Hotel Association of Los Angeles ("HALA"), followed closely the legislative developments concerning the Los Angeles City Council's Citywide Hotel Worker Minimum Wage Ordinance" (the "Hotel Workers Act"), as our members include all segments of the lodging industry, including most of the owners and operators of hotels which are or will be covered by the mandate under the Hotel Workers' Act to raise hotel workers' minimum wage to $15.37.  I am familiar with the provisions of the Hotel Workers Act.

**Los Angeles City Hotels**

5.    There are approximately 150 hotels within the City of Los Angeles, and of those about 80 have more than 150 rooms.

6.    Of those larger hotels, many are organized by UNITE HERE Local 11 ("Local 11" or the "Union"), and about 40 are non-Union.  Downtown Los Angeles, for example, has several large hotels, but only two – the Omni and the Doubletree – are not organized by Local 11.

**Organizing Tactics of Local 11**

7.    Local 11 is an affiliate of a national union called UNITE HERE, which represents (through its affiliated locals) hotel workers throughout the United States. It represents and organizes hotel workers in Los Angeles, Long Beach, and elsewhere in southern California.  UNITE HERE Local 11 has its main office at 464 South Lucas Avenue, Suite 201, in Los Angeles.  Its offices are in the same building as Los Angeles Alliance for a New Economy ("LAANE"), which for all practical purposes is allied with Local 11 as a political and lobbying partner.

8.    It is my understanding that Local 11 does not seek to obtain representative status by means of secret-ballot elections.  Rather, I am informed that its practice for existing hotels is to exclusively use the card-check mechanism, typically pursuant to a "card-check/neutrality" agreement with the affected hotel.

3

DECLARATION OF LYNN S. MOHRFELD

9. Under such agreements, the employer agrees to recognize the Union as the exclusive bargaining representative of its employees when a majority of eligible employees present signed authorization cards to that effect. In such an agreement, the employee agrees to forego asking the National Labor Relations Board ("NLRB") to conduct a secret-ballot election (as it otherwise could). The employer also agrees to remain "neutral," which means not saying anything negative about the Union or pointing out the disadvantage of unionization for the Hotel and its employees, and to grant the Union access to its premises to facilitate any union-organizing drive, which I understand changes the obligations and rights that the employer would otherwise possess under federal labor law. In each recent instance I am aware of, Local 11 organized local hotels only when the employer consented to a card-check/neutrality agreement.

10. One of the law firms representing UNITE HERE is Davis Cowell & Bowe LLP ("the DC&B Firm"). Richard G. McCraken, an attorney with the DC&B Firm, serves as International Counsel to UNITE HERE. The DC&B firm website (at http://www.daviscowellandbowe.com/ [last visited Jan. 15, 2015]) announces the following with respect to UNITE HERE's organizing tactics:

> Starting in the 1980s, Davis Cowell & Bowe was instrumental in helping to pioneer new ways of organizing. These included the 'comprehensive campaign' and the use of negotiated organizing agreements, sometimes called 'card check/neutrality agreements' that provide an alternative to adversarial representation litigation at the National Labor Relations Board."

(Excerpts from the DC&B website are attached hereto as Exhibit "B" and are incorporated herein by this reference as though set forth in full.)

11. An excerpt from the website of UNITE HERE confirms the goal of the union to organize hotels. As announced on the website, "The greater the

4

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

concentration of union hotels, the more wages and other benefits go up." (*see* http://unitehere.org/changed-lives/).  The website can be accessed at http://unitehere.org/changed-lives/ (last visited Dec. 16, 2014).

### The Raise LA Campaign

12.     The new ordinance resulted from the lobbying efforts of Local 11 and LAANE, which they promoted as an initiative called the Raise LA campaign.  Local 11 and LAANE formally kicked off their campaign with a news conference in January 2014, which several City Council members attended.  The initiative, like the resulting ordinance, targeted only hotels to obtain a minimum hourly wage of $15.37 to apply to workers at large hotels in Los Angeles.  LAANE representatives and partners began an aggressive drive to lobby support from City Councilmembers for such legislation, which was quickly introduced by a motion in February 2014 and became law in October 2014.

13.     From its inception, the Raise LA initiative openly established as its goal a boost to union organizing, rather than a pure minimum wage.  The backers of the ordinance intended an exemption from the new wage-rate for hotels that had or signed new union contracts.  News reports recorded labor leader statements that the Raise LA campaign was a response to the opposition that the unions had met to new hotel organizing efforts.

### Hotel Workers Act

14.     The new Hotel Workers Act requires, in part, that hotels operating in the City that have more than 150 guest rooms or suites pay their employees a wage rate of at least $15.37 an hour, with the provision that this mandated wage-rate is to be adjusted annually.  The $15.37 wage rate does not provide any credit for gratuities or service charge payments recouped by hotel employees or any cost of employee benefits (such as health care or retirement savings contributions) borne by a Hotel employer.

5

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

15.     By comparison, in 2007, the City enacted the Airport Hospitality Enhancement Zone Ordinance, Ordinance No. 178432, Article 4, Section 104.101 *et seq.,* as amended, which I will refer to as the "*Airport Hospitality Zone Ordinance*." (*See* the "LA City Clerk Connect" website, http://cityclerk.lacity.org/lacityclerkconnect/index.cfm?fa=c.search&tab=ORD.) That ordinance required that, as of the October 2014, covered employees who work at hotels near Los Angeles International Airport must be paid a minimum wage of $11.03 per hour with at least $1.25 per hour in employer-paid health benefits contributions, or a total cash minimum wage of $12.28 per hour.  The Airport Hospitality Zone Ordinance Wage Chart is available at: http://bca.lacity.org/site/pdf/general/Airport%20Hospitality%20Enhancement%20Zone%20Ordinnance%20Wage%20Chart.pdf (last visited Jan. 24, 2015).

16.     The city also maintains another "living wage" ordinance applicable only to airport workers or employees of certain city contractors (the "*Airport Living Wage*").  Los Angeles Admin. Code Sec. 10.37 *et seq.*, as amended.  That ordinance required in 2013 that the "living wage" for employers subject to the Airport Living Wage to be $10.70 if fringe-benefits provided to employees were valued at least $4.67 an hour or, if there were no fringe benefits, a cash payment of $15.37.  The Airport Living Wage Chart is available at: Airport Living Wage Chart, available at: http://www.lawa.org/uploadedFiles/LAWA/pdf/Current_and_Prior_Living_Wage_Rates.pdf (last visited Jan. 24, 2015).

17.     The Hotel Worker Act contains a provision called, "Exemption for Collective Bargaining Agreement."  That provision states as follows:

> All of the provisions of this article, or any part of the article, may be waived in a bona fide collective bargaining agreement, but only if the waiver is explicitly set forth in that agreement in clear and unambiguous terms. Unilateral implementation of terms and conditions of employment by

6

DECLARATION OF LYNN S. MOHRFELD

1  either party to a collective bargaining relationship shall not

2  constitute or be permitted as a waiver of all or any party of

3  the provisions of this article.

4      18.   A report from the Southern California Public Radio News reported on

5  those developments, and it can be found at: www.scpr.org/news/ (last visited Jan. 13,

6  2015). (A copy of the report is attached hereto as Exhibit "C" and is incorporated

7  herein by this reference as though set forth in full.) That news article reports

8  comments by Councilman Curran Price, who is the Chair of the City Council's

9  Economic Development Committee. According to the newspaper article, his office

10  announced that "40 hotels would be affected' by the proposed ordinance. The article

11  also reports that certain unnamed City Council members stated that the proposed

12  ordinance was justified because "tourists flock to Los Angeles for its public parks,

13  beaches and attractions, such as Hollywood Boulevard." I know for a fact that there

14  are hotels located in and around the Los Angeles beaches and Hollywood Boulevard,

15  but those are both non-union and unionized hotels. That Los Angeles is a tourism

16  destination is not a justification for raising the minimum wage of hotel workers only

17  and certainly not for only hotel workers at non-union hotels.

18      19.   In a later editorial of the Los Angeles Daily News, after Los Angeles

19  City Mayor announced plans for a phased-in city-wide minimum wage of $13.27 by

20  2017, the newspaper wrote:

21      Garcetti must veto the other minimum wage hike, the one advanced last week

22      by the City Council, applying only to workers at large, nonunion hotels. This

23      steep wage increase to $15.37 an hour, targeting one slice of one industry, is

24      expedient because it would help politically active organized labor by

25      encouraging hotel owners to sign union contracts. It would not, however, help

26      the economy of the entire city, and the size of the increase would create greater

27      hardship for the affected businesses.

28

Holland & Knight LLP
400 South Hope Street, 8ᵗʰ Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

7

DECLARATION OF LYNN S. MOHRFELD

(A copy of the Daily News editorial is attached hereto as Exhibit "D "and is incorporated herein by this reference as though set forth in full.  It can be accessed at: http://www.dailynews.com/apps/pbcsi.dll/storyimage/LA/20140929/LOCAL1/140929393/AR/0/AR-140929393.jpg&maxh=400&maxw=667 (last visited Jan. 23, 2015).

20.    Along with the Hotel Association of Los Angeles ("HALA") and other interested lodging industry groups, we diligently made every effort to be actively involved in the legislative process that lead to the passage of the Hotel Workers Act. As it turned out, and based on a review of documents later made available by way of the HALA's Public Records Act request (the "PRA request"), it now appears that we were not provided the same access to the process as were labor interests, including LAANE, and UNITE HERE Local 11.

**City Council Motion**

21.    On February 18, 2014, the City Council's Economic Development Committee approved a proposal to raise the minimum wage for workers in non-union hotels to $15.37 an hour.  (A copy of the February 18 Motion is attached hereto as Exhibit "E" and is incorporated herein by this reference as though set forth in full.)

22.    As we have learned from documents produced responding to the PRA request, on January 13, 2014, a draft of the motion was provided to the office of Council President Herb Wesson's by way of Raise LA.*  I was not provided with a draft copy of the Motion, nor to my knowledge was anyone else associated with a lodging industry association.

23.    On January 15, 2014, LAANE launched its Raise LA campaign for a hotel worker minimum wage.*  On January 17, 2014, Derek Smith, Political Director, UNITE HERE Local 11, sent an email to a member of Mr. Wesson's Staff, with a copy to James Elmendorf, Deputy Director of LAANE, saying, in part, "Andrew Thanks for your help in pulling the group together this morning.  We are very appreciative of the Council President's leadership and willingness to engage in ensuring a successful resolution to the minimum wage issue.  I wanted to make sure

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

8

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

that we have a common understanding of the next steps that were laid out."*  Derek Smith asked to be kept "in the loop on any progress."*  On January 21, 2014, Andrew Westall, a staff member for Council President Wesson, sent an email to Justin Wesson, saying "Please follow up with the boss and then Derek on this. Thanks!"*  On information and belief, Justin Wesson is the son and the legislative deputy of Council President Wesson.  I was not included in the "group" that was pulled together for a meeting on or about January 17, nor to my knowledge was anyone else associated with a lodging industry association.

24.     Among the attendees of the meeting on or about January 17, 2014, was Maria Elena Durazo, who I knew to then work in a leadership role with the Los Angeles Federation of Labor. On October 29, 2014, it was announced that Ms. Durazo was leaving the Los Angeles Federation of Labor for a national position with UNITE HERE.  In an article in the Los Angeles Times by James Rainey and David Zahniser, Los Angeles City Council President Wesson was quoted as saying, "She never left the table empty-handed."  (The article can be found at: http://www.latimes.com/local/california/la-me-durazo-20141030-story.html [last visited Jan. 24, 2015].)

25.     On Friday, January 24, 2014, as I understand, a staff meeting to "follow up on Raise LA discussions" was scheduled, which included Derek Smith of Local 11 and Mr. Elmendorf of LAANE.  I was not included in the planning for the meeting, or the meeting, nor to my knowledge was anyone else associated with a lodging industry association.*

26.     On February 3, 2014, the Raise LA draft motion was provided to other Councilmembers. A meeting was arranged among the co-sponsors (Councilmembers Bonin, Martinez, Price and Wesson), labor representatives of UNITE HERE, and Ms. Durazo, who still was with the Los Angeles Federation of Labor, to "get on the same page with some final details, and decide on a date to submit".*  I was not included in

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

1  any such planning meeting, nor to my knowledge was anyone else associated with a

2  lodging industry association.

3      27.    On February 19, 2014, following the introduction of the February 18

4  Motion, Elmendorf (of LAANE) followed up with tasks for a Wesson Staff Member

5  in connection with the proposed ordinance.*

6  **Lodging Industry Outreach to LA City Council Members**

7      28.    On or about March 6, 2014, I met with Chad Molnar ("Molnar"), Chief

8  of Staff to Councilmember Bonin, a sponsor of the February 18 Motion.  I told

9  Molnar, in CH&LA's view, it was unfair and economically unjustified to have the

10  higher minimum wage rate apply only for non-union properties, but that union hotels

11  should be included as well.  I did not have the opportunity to meet again with Molnar

12  until on or about June 26, 2014.

13      29.    On March 25, 2014, on behalf of CH&LA, I wrote to the Council

14  Members voicing opposition on behalf of our members to the proposed Ordinance

15  and supporting the need for a comprehensive "study of the economic impact of such a

16  mandate."  (A copy of the March 25 Letter is attached here to as Exhibit "F" and is

17  incorporated herein by this reference as though set forth in full.)

18      30.    On June 10, 2014, the pending Ordinance was presented to the Los

19  Angeles City Economic Development Committee, a step in the process for it to be

20  ultimately voted upon for passage by the Los Angeles City Council.  The day before,

21  on June 9, 2014, a meeting that included Ms. Durazo was arranged to discuss the

22  Ordinance.*  I was not included in any such meeting, nor to my knowledge was

23  anyone else associated with a lodging industry association.

24      31.    The involvement of LAANE and UNITE HERE in the drafting process

25  is further demonstrated by the email correspondence provided pursuant to the Public

26  Records Act requests, which detailed the following:

27  • On June 4, 2014, Richard G. McCracken of Davis, Cowell & Bowe LLP,

28     emailed and copied James Elmendorf, Deputy Director of LAANE, saying,

10

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

"Dear Valerie, It has been a long time since we have been in communication.  I hope you are well and finding exciting things to do.  I have attached the most recent draft I prepared of a Raise LA ordinance."*  The draft attached to the email was dated January 7, 2014.  I know from personal experience that Mr. McCracken serves as legal counsel for UNITE HERE and its affiliates.

- On June 9, 2014, at 8:12 a.m., Elmendorf emailed Valerie Flores, Assistant City Attorney, saying "We should check in today.  When is good for you.?"*

- On June 11, 2014, at 12:37 p.m., Elmendorf emailed Flores, saying "I know you guys are crunching as much as possible.  Wondering when you think you'll have a draft?"

- On June 11, 2014, at 2:16 p.m., Flores emailed Elmendorf, "Basia [Jankowski] and I are working on it.  Let's touch base tomorrow re status."  Elmendorf responded at 3:04 p.m., "Ok. Don't want to bug but when does it need to be transmitted?  Are we on track?"  Shortly thereafter, at 3:59 p.m., Basia Jankowski ("Jankowski"), Deputy City Attorney, Office of the City Attorney, responded to Mr. Elmendorf asking Mr. Elmendorf to review the facts, to which Mr. Elmendorf followed up.*

- On June 12, 2014, , at 1:03 p.m., Ms. Jankowski emailed Mr. Elmendorf, requesting further assistance in drafting the Ordinance and providing legal support for the Ordinance.*  At 3:17 p.m., on June 12, 2014, Mr. McCracken emailed Mr. Elmendorf regarding these legal issues, and at 3:21 p.m., Mr. Elmendorf forwarded Mr. McCracken's analysis.*

- On June 12, 2014, at 4:47 p.m., Mr. Elmendorf emailed Ms. Jankowski, "I just spoke with Valerie [Flores] who said there is a draft (emphasis on draft).  She said it was okay to send it to me, and I should email you to that effect. Can you please send it ASAP?"*  At 5:12 p.m., Ms. Jankowski emailed the draft to Mr. Elmendorf, saying "Here it is."*

11

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- On June 13, 2014, at 7:50 a.m., Mr. Elmendorf emailed Ms. Jankowski, "fantastic job on such a short timeline. I've attached a very few suggestions that I hope will be helpful. If you have any questions, let me know." Attached to Mr. Elmendorf's email was a redline of the Hotel Workers Act with comments and suggestions.*

- On June 13, 2014, at 4:21 p.m., Mr. Elmendorf emailed Ms. Jankowski, "I spoke to valerie but I wanted to thank you for all your hard work on this this past week. Valerie can explain the hiccup which caused the delay. I expect things to move soon. I guess the good news is now you all are ahead of the game, though I am sure you'd have preferred not to have crunched so much to get there."*

- Ms. Jankowski emailed back a short time later at 4:40 p.m., thanking Mr. Elmendorf, saying "Onward."*

32.    The proposed Ordinance had originally been scheduled for a vote in June. The delay in voting referred to above appears to have been caused by the decision by City Council sponsors to secure economic studies ostensibly in order to comply with the requirements of the Airport Hospitality Zone Ordinance (the "Economic Reports"). The expert reports were procured on a rushed basis, with the expert reports scheduled originally to be submitted on September 8, 2014. As detailed below, they were submitted on September 22, 2014, a mere two days before the scheduled vote on what would be the final ordinance.

33.    During the period from June 4 through June 14, 2014, neither I nor, to my knowledge, anyone else in our partner lodging industry associations, was invited to participate in the drafting process of the pending Ordinance. Nor were we provided with a copy of the draft Ordinance even for comment. More importantly, as detailed below, when I specifically asked for a copy of the draft Ordinance – at a meeting in late June 2014 – I was informed that there was no draft.

12

DECLARATION OF LYNN S. MOHRFELD

**Developments Leading to Passage of the Hotel Workers' Act**

34.     On about June 26, 2014, I met again with Chad Molnar of Councilman Bonin's office.  The purpose of this meeting was to present the findings of PKF Consulting, a forensic economist consulting group, about the impact of the hotel workers minimum wage and to get an update on the status of the progress of the legislative process.  I asked if there were a draft of the pending Ordinance, and stated that I would like to be provided with a copy. I was specifically told by Mr. Molnar that there was no draft.  As we have later learned, which I addressed in more detail above, Local 11 had already drafted, behind-the-scenes, the proposed Ordinance. I again told Molnar, in CH&LA's view, it was unfair and economically unjustified to have the higher minimum wage rate apply only for non-union properties, but that union hotels should be included as well.  Molnar responded that he thought they were precluded from including unionized hotels because of the existence of collective bargaining agreements.  I said to him that his information was not correct and that it was my understanding that unionized hotels could be included.  On July 22, 2014, I provided him with additional information to support this viewpoint.

35.     The study commissioned by CH&LA was conducted under the direction of Bruce Baltin, a consultant with PKF Consulting and a Professor at the Sol Price School of Public Policy at the University of Southern California.  The findings from the study, "Impact of Minimum Wage Increase on Los Angeles Hotel Workers," identified serious problems with the proposed Ordinance, but that report was, as explained below, given short shrift.

36.     The findings of the PKF Consulting Report can be summed up as follows:

- The $15.37 per hour minimum wage under discussion represents the largest percentage increase of any recent minimum wage law – larger even than San Francisco.  The increase would be made in too short a time for businesses to adjust.

13

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

- The proposals fail to account for the higher earnings of tipped workers; an appropriate consideration for tips would reduce the economic burden on hotel payrolls by 26 percent.

- If only non-union hotels would be covered, the result would be an unfair system for both workers and hotels, particularly where LA City boundaries are next to other unaffected cities.

- The report found that the economic burden of a rapid, hotel-only wage increase will cause hotel companies and outside investors to reconsider plans to build or expand hotel space in the city.  That could prove devastating to the city's hopes to attract large groups and meetings to the new convention center because there would not be enough hotel rooms to accommodate them.

- It is likely that hotels would curtail or eliminate services like room service, specialty dining and other amenities, making hotels in Los Angeles less competitive compared to those in nearby cities.  That would, in turn, reduce occupancy and lead to a corresponding reduction in the hotel taxes collected by the city.  (A copy of the CH&LA Study which was made publicly available on the CH&LA website is attached hereto as Exhibit "G" and is incorporated herein by this reference as though set forth in full.)

37.     On July 15, 2014, I provided information about the PKF Study to Council President Wesson's office.  On July 22, 2014, I also provided Mr. Wesson's office with information as to why there were no legal concerns in covering unionized hotels with a minimum wage ordinance.  (Copies of my communications to Wesson's office are attached here to as Exhibit "H" and are incorporated herein by this reference as though set forth in full.)

38.     The PKF Consulting study which CH&LA provided to the City Council, identified two key areas for consideration that I understand are at issue here. One,

14

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

that the Hotel Workers' Act did not take into account the wages of tipped employees; and two, that there would be different treatment of union and non-union hotels.

39.    On September 19, 2014, the City Attorney presented a "draft ordinance" requiring a minimum wage for hotel workers.

40.    On September 22, 2014, the individual reports of the three economists who comprised a panel selected in accordance with established procedures under the Municipal Code were submitted to the City Council.  (Attached hereto collectively as Exhibit "I" and incorporated herein by this reference as though set forth in full are copies of the Economic Reports commissioned by the City Council.)

41.    On September 24, 2014, the LA City Council voted 12 – 3 to pass the ordinance.  Because it was not unanimous, a second vote was scheduled and the Hotel Workers Act was passed.

42.    The scheduling of the vote ran contrary to the process explicitly set out in Sections 104-114 of the Airport Hospitality Workers Ordinance, which states as follows:

> A. The City shall not impose new regulatory requirements to pay a living wage exceeding applicable state or federal minimum wage requirements upon any business entity that does not have a business relationship with the City of Los Angeles in the future unless the City Council first secures a study that looks at the effects such a regulation would have . . . **Such a study shall include an opportunity for public input, and the City Council will hear public testimony regarding the study at least two weeks before acting on any living wage proposal.** (Emphasis added.)

No public testimony was heard on the study (that is, the Economic Reports), and the vote was held two days after the economic reports were submitted, so that it was impossible for the City Council to comply with the mandated requirement to have a public hearing "at least two weeks before acting" on the Hotel Workers Act.

DECLARATION OF LYNN S. MOHRFELD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

These concerns were brought to the attention of the City Council by a coalition of trade associations and business advocacy groups in the lodging industry, including CH&LA and HALA, but the vote on the Hotel Workers Act was held as scheduled.

43.     One of the Economic Reports, from Beacon Economics, included the following statement, supported by statistics: "An additional wrinkle in the data is that large hotels, the ones that are to be affected by this proposal, actually pay employees an average wage that is above the living wage laid out in this proposal."  It went on to note that it is employees of the smaller hotels who average a lower income (available at http://clkrep.lacity.org/onlinedocs/2014/14-0223_misc_09-22-14.pdf) (last visited Jan. 24, 2015).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of January, 2015, at Sacramento, California.

_____
LYNN S. MOHRFELD

#34516203_v1

16

DECLARATION OF LYNN S. MOHRFELD

## <u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope St., 8th Floor, Los Angeles, California 90071.

On January 26, 2015, I served the document described as **DECLARATION OF LYNN MOHRFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

**[X]** (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date.  It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 26, 2015, Los Angeles, California.


By:  _____//S//_____
Kristina S. Azlin

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

PROOF OF SERVICE