Kristina S. Azlin (SBN 235238)
John A. Canale (SBN 287287)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone 213.896.2400
Facsimile 213.896.2450
E-mail: kristina.azlin@hklaw.com,
john.canale@hklaw.com

Michael Starr (*Pro Hac Vice*)
Katherine H. Marques (*Pro Hac Vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Facsimile: 212.385.9100
E-mail: michael.starr@hklaw.com,
Katherine.marques@hklaw.com

Attorneys for Plaintiffs
American Hotel & Lodging Association and
Asian American Hotel Owners Association

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

AMERICAN HOTEL & LODGING ASSOCIATION and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

Plaintiffs,

vs.

CITY OF LOS ANGELES,

Defendant.

CASE NO. 2:14-cv-09603-AB-SS
Assigned to Hon. Andre Birotte Jr.

DECLARATION OF ISRAEL MORA

IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Date: March 23, 2015
Time: 10:00 am
Dept.: 790, Roybal

Complaint Filed: December 16, 2014

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

# DECLARATION OF ISRAEL MORA

I, Israel Mora, hereby declare and state as follows:

1. I give this declaration in support of the Motion For Preliminary Injunction filed in the above captioned matter by Plaintiffs the American Hotel & Lodging Association and Asian American Hotel Owners Association. I have personal knowledge of the matters stated below except for those stated on information and belief, which I am informed and believe are true. I could testify to each of the facts stated below under penalty of perjury if called upon to do so.

2. I am the General Manager of the Courtyard by Marriott Los Angeles Airport (the "*Hotel*" or the "*Courtyard LAX*"), located at 6161 W. Century Boulevard Los Angeles, California 90045. I have held this position for seven years. As the General Manager, I am responsible for the successful operation of the Hotel, which involves attention to the staff who keep our Hotel running. Through my work, I am familiar with the hotel's business practices, records, staffing, pay records, and financial practices.

3. I have sixteen years of experience in hotel management. For the last ten years, I have served as the General Manager or Assistant General Manager of my hotels. Before that, I was the Director of Food and Beverage at another Los Angeles hotel. This experience in Los Angeles area hotels have given me insight into labor relations issues in union and non-union settings, especially as it affects Food and Beverage operations within a hotel.

**The Courtyard LAX**

4. The Courtyard LAX is a seven story hotel with 187 guest rooms. It is owned by an affiliate of Sunstone Hotel Investors, Inc. (the "*Owner*") and operated by Sunstone Hotel Properties, Inc. (the "*Operator*"), a subsidiary of Interstate Hotels and Resorts, which employs all of the Hotel employees. As a Courtyard brand, the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

Hotel is guided by Marriott's brand standards for all hotels operated under the "Courtyard" flag.

5. Like other Courtyard hotels, the Courtyard LAX operates a casual, limited-service restaurant where guests can order coffee, breakfast, dinner, or dessert through counter service, which we call "The Bistro." The Bistro also provides bar service in the evenings.

6. The Courtyard LAX has two modestly-sized but busy banquet rooms that mainly accommodate daytime events. The employees who work as servers for banquet events also work at The Bistro.

**Effect of Prior Ordinances**

7. As its name implies, the Hotel is located near Los Angeles International Airport in a part of the City of Los Angeles known as the "LAX Corridor".

8. The Hotel has been affected by prior Los Angeles ordinances targeting the hotel industry. One ordinance, adopted in 2007, set a minimum wage higher than the California minimum wage that was only applicable to hotels, like the Courtyard LAX, in the LAX Corridor. As of October 2014, covered hotels were obligated to pay a cash wage of $11.03 per hour, plus an additional $1.25 per hour towards health benefits. We have complied with and exceeded these requirements.

**Hotel Workers Act**

9. In October 2014, the City of Los Angeles passed an ordinance called the "Citywide Hotel Worker Minimum Wage Ordinance" (the "*Hotel Workers Act*" or the "*Act*"). I understand that the Hotel Workers Act includes a wage provision requiring all hotel employees at covered hotels to be paid a wage of $15.37 per hour. Employer contributions to employee benefits have no effect on the mandated amount of $15.37 minimum.

10. The Hotel Workers Act allows hotels to obtain a waiver from complying with any and all of its provisions but only where such waivers have been obtained

through a collective bargaining agreement (CBA), that is, an agreement negotiated with a union who has been established as the bargaining representative of the hotel's employees.

11. The Courtyard LAX is a "non-union" hotel, meaning that it does not have a CBA with any union. Further, no union has been certified under federal labor law procedures to represent Hotel employees or otherwise recognized by management as the authorize representative of any group of Hotel employees. As far as I know, no union election has ever taken place at the Hotel and no group of Hotel employees has ever submitted to management a petition requesting union representation. The Hotel, therefore, has no option of obtaining an exemption from the economically unreasonably requirements of the new City ordinance.

**Employee Benefits**

12. The Hotel values its employees and compensates based on a variety of factors, including their performance and tenure. For example, while all new employees begin at a $11.03 hourly wage rate, there is the opportunity to earn higher wage rates as an employee's years of service advance. For example, the highest paid housekeeping staff earn $15.10 per hour.

13. Full-time employees are afforded a full array of benefits, including medical, dental, and vision benefits. Additionally, the Operator fully matches employee contributions to 401(k) retirement accounts up to two percent of employee income.

14. On average, the Operator spends an additional $4.85 per hour in total benefits for its employees, on top of the wages employees earn. None of these expenses will be credited against the $15.37 minimum wage under the new Ordinance. As an illustration, using the example of housekeeping staff earning $15.10 per hour in wages, the entire compensation package actually costs $20.22 per

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

hour. These benefits payments are obviously higher than the $1.25 rate required under the LAX Corridor-specific minimum wage.

15. As another basis of comparison, I am informed that Los Angeles has also passed a "living wage" act applicable to LAX airport employees. Under that act, the City currently requires covered workers to receive either an hourly wage rate of $11.03 plus $4.81 in health benefits, or a full hourly cash wage of $15.84. As is apparent, the housekeeping staff example above exceeds the total benefits package required even under the living wage law that it has no obligation to comply with.

16. We are proud that the Hotel experiences very little employee turnover, especially among the Hotel housekeeping staff, where many employees have worked at the Hotel for twenty years.

17. Our wage rates are competitive among our peer hotels, that is, limited-service hotels also in the LAX Corridor, but are below the average rates of full-service Downtown hotels located in the central business district of Los Angeles. In the hospitality industry, the term "full-service" typically refers to hotels that offer a broad range of amenities, including, for example, an on-site full-service restaurant, conference facilities, large ballroom or gathering space, and a health club. Such hotels typically command higher room rental prices that limited-service hotels, like the Courtyard LAX.

**Anticipated Impact of New Ordinance**

18. I have reviewed the Hotel's accounting records and estimate that compliance with the new Ordinance will increase hotel costs by $316,000 each year. In order to absorb those costs, the Hotel will need to increase prices for its rooms and restaurant and likely look at reductions in labor.

19. I am informed that, since the 2007 ordinance was enacted, four LAX Corridor hotels that had been non-union have entered into new CBAs with UNITE HERE Local 11 (the "*Union*") and another hotel is currently negotiating for its first

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

CBA with the Union. These hotels will be eligible to seek a waiver from the Union as part of their CBAs, which would allow them to avoid the costs of complying with the $15.37 hourly wage. As the Courtyard LAX does not have a CBA, it is not currently eligible for a waiver from the Act's requirements, and is, therefore, at a competitive disadvantage with respect to unionized area hotels who will not feel the economic pressure to raise prices if they are exempt from newly-mandated higher wages.

20. The obligation to pay the $15.37 wage-rate would also place the Hotel at a competitive disadvantage with respect to its direct competitors who are nearby, but outside the area controlled by the new Ordinance, including El Segundo and Culver City hotels. Because of their geographic location, the El Segundo and Culver City hotels will not need to change their prices or operations to absorb any increase in labor costs making them more attractive to guests choosing a local hotel.

21. The economic pressures that the Act will cause for hotels, like the Courtyard LAX, that do not have a collective bargaining agreement, load a financial burden on the Hotel because of its non-union status.

22. In view of this anticipated competitive disadvantage, the Hotel will be facing a new economic reality if the Act takes full effect. If the Union were to approach Hotel management with a card-check/ neutrality agreement now, the Hotel would have to give greater consideration to such an agreement than it would have otherwise because of the labor cost increases and potential operational disruptions necessitated by the Hotel Workers Act.

23. As long as the Act is in effect, the Hotel will suffer this economic burden that its peers may avoid. Such harm and injury will be avoided if the preliminary injunction sought by Plaintiffs is granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 22, 2015, in Los Angeles, California.

Israel Mora

#34359120_v1

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 S. Hope St., 8th Floor, Los Angeles, California 90071.

On January 26, 2015, I served the document described as **DECLARATION OF ISRAEL MORA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

**[X]** (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 26, 2015, Los Angeles, California.

By: //S//
Kristina S. Azlin