Kristina S. Azlin (SBN 235238)
John A. Canale (SBN 287287)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone 213.896.2400
Facsimile  213.896.2450
E-mail:  kristina.azlin@hklaw.com,
john.canale@hklaw.com

Michael Starr (*Pro Hac Vice*)
Katherine H. Marques (*Pro Hac Vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Facsimile: 212.385.9100
E-mail: michael.starr@hklaw.com,
Katherine.marques@hklaw.com

Attorneys for Plaintiffs
American Hotel & Lodging Association and
Asian American Hotel Owners Association

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AMERICAN HOTEL & LODGING ASSOCIATION and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | CASE NO. 2:14-cv-09603-AB-SS<br>Assigned to Hon. Andre Birotte Jr.<br><br>DECLARATION OF JULIE ROBEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>Date:  March 23, 2015<br>Time:  10:00 am<br>Dept.:  790, Roybal<br><br>Complaint Filed: December 16, 2014 |

1
DECLARATION OF JULIE ROBEY

# DECLARATION OF JULIE ROBEY

I, JULIE ROBEY, hereby declare as follows:

1. I give this declaration in support of the Motion For Preliminary Injunction filed in the above captioned matter by Plaintiffs the American Hotel & Lodging Association and Asian American Hotel Owners Association. I have personal knowledge of the matters stated below except for those stated on information and belief, which I am informed and believe are true. I could testify to each of the facts stated below under penalty of perjury if called upon to do so.

2. I am the General Manager of the Holiday Inn® Torrance, a hotel property located at 19800 S. Vermont Ave., Torrance, California 90502 (hereinafter, the "*Holiday Inn Torrance*" or the "*Hotel*"). I have held this position since December 2013. As the General Manager of the Hotel, I am responsible for all of the Hotel's operations and personnel and am familiar with its business practices, business records, pay practices, staffing, and accounting.

3. I have worked in the hospitality industry since 1977. I have worked for an affiliate of InterContinental Hotels Group or its predecessors since 1982, where I began as a Restaurant Manager, and have held General Manager positions beginning in 1999.

**The Holiday Inn Torrance**

4. The Holiday Inn Torrance is a located in the Harbor Gateway business district, a unique 5 square-mile, two-mile wide north-south corridor that runs along the 405-freeway and connects the Port of Los Angeles to the south with the rest of the city of Los Angeles in the north. Although technically a part of the city of Los Angeles, the Hotel has a "Torrance, CA" postal address because it is physically located closer to that city than to other areas of Los Angeles and is serviced by the city of Torrance post office. It is my understanding that other sections of the Harbor Gateway business district have "Gardena, CA" or "Carson, CA" addresses.

5. The Holiday Inn Torrance is managed and operated by an affiliate of InterContinental Hotels Group ("IHG" or "Manager") under a management agreement between Today's V, Inc. and the IHG affiliate ("Management Agreement"). Net operating income of the Hotel is retained by Today's V, Inc. (hereinafter, the "Owner"), which pays a fee for the services provided by IHG.

6. The Holiday Inn Torrance currently offers 330 guest rooms and suites along with other on-site amenities, including the Ginger Café & Ginger Lounge (a restaurant and bar located in the Hotel lobby), room service, banquet services, a gift shop, fitness center, and a pool. Other than the gift shop, which is operated by a third-party, all of the on-site amenities are operated by IHG under the Management Agreement.

7. The Holiday Inn Torrance values its employees and has a long history of positive employment relationships. The Hotel currently employs approximately 100 full-time and part time employees and about another 100 casual, on-call, banquet employees. Of the current full-time employees, about 50% have been with the Hotel for over 10-years. All of the employees are employed by IHG.

8. Banquet services comprise a significant portion of the Hotel's business. The Hotel has about 5,700 square feet of meeting space, which includes various breakout and ball rooms that can be used for a multitude of purposes. The banquet department brings in about 70% of the Hotel's food and beverage revenues. We employ 5-regular full-time banquet employees, with a staff of another 100 that is available on an on-call basis.

**Union Activity At The Hotel**

9. The Holiday Inn Torrance is not a unionized hotel. It is my understanding that UNITE HERE Local 11 ("Local 11" or the "Union") is the union that represents hotel workers in the city of Los Angeles. However, to my knowledge, there as only been one time in the past that Local 11 has ever visited the Hotel in an effort to organize hotel workers for the purpose of collective bargaining. That visit

3
DECLARATION OF JULIE ROBEY

occurred in 2005, almost ten years ago. During that visit, Union representatives spoke with the Hotel's employees and handed out pamphlets, but nothing came from the visit and the Hotel remained a non-union hotel. Afterwards, it is my understanding that some of the employees stated that they did not want to be unionized because they "do not want to have to pay dues." To my recollection, at no time has there ever been a union representation election at the Hotel or a requested card check, nor has any group of workers at the Hotel presented a petition to Hotel management requesting union representation.

**Hotel Workers Act**

10. I have reviewed the new "Citywide Hotel Worker Minimum Wage Ordinance" (the "*Hotel Workers Act*"), as codified in Article 6, Chapter XVIII of the Los Angeles Municipal Code, and am familiar with its provisions that most directly affect the Holiday Inn Torrance.

11. I understand that the Hotel Workers Act includes a wage provision that becomes effective as to the Holiday Inn Torrance on July 1, 2015. That provision requires all Hotel Workers (as defined by the ordinance) at hotels with more than 300 rooms to be paid a wage rate of at least $15.37 per hour. It is my further understanding that the required wage rate must be paid irrespective of gratuities, service charges, or any other payments that the Hotel makes to its employees.

12. Contrary to the established practice in the hospitality industry in Los Angeles, the wage rate mandated by the Hotel Workers Act fails to distinguish between tipped employees (such as, banquet waiters, bartenders, bell persons) and non-tipped employees (such as housekeeping staff, cooks, and kitchen stewards). As set forth below, this feature of the Hotel Workers Act would have a dramatic impact on the net operating income of the Holiday Inn Torrance.

13. It is also my understanding that the Hotel Workers Act includes a provision forbidding any covered hotel from retaining any portion of a "service charge" billed to customers. Instead, the provision requires that the entire service

4
DECLARATION OF JULIE ROBEY

charge be paid to the hotel workers who performed the services for the customer who paid the service charge and also that the service charge be distributed "equitably" among them. There is no explanation for how the equitable distribution requirement is to be applied.

14. The Hotel Workers Act allows hotels to obtain a waiver from complying with any and all of its provisions, but such a waiver is only available when it is explicitly set forth in a collective bargaining agreement ("*CBA*"), *i.e.*, negotiated with a union who has been authorized to act as the bargaining representative of the hotel employees. The Holiday Inn Torrance could obtain such a waiver only if there were a union that was authorized to represent its staff in collective bargaining. There is not a union bargaining representative at this Hotel and no collective bargaining agreement is in place. Unless that changes, the Holiday Inn Torrance will be required to comply with all provisions of the Act.

**Anticipated Effect of Hotel Workers Act Compliance**

15. If the Hotel is required to pay all employees (especially tipped employees) $15.37 per hour, I estimate that compliance would increase the salary obligations of the Hotel by about $400,000 from July 1 through December 31, 2015. This would place the Hotel at an economic disadvantage with respect to important categories of its competitors.

16. As I state above, the Holiday Inn Torrance is located in a unique geographical area of the city. Because of its location, the vast majority of the Hotel's competitors are located in either Torrance or Carson. These areas are not part of the City of Los Angeles and, therefore, hotels in these areas are not subject to the Act. Some of these hotels are the Doubletree Torrance South Bay, the Marriott Torrance South Bay, the Courtyard Los Angeles Torrance South Bay, and the Doubletree Carson. In addition to not being subject to the requirements of the Hotel Workers Act, it is also my understanding that none of these hotels are unionized. Such hotels will not have to incur the heightened labor costs that the Holiday Inn Torrance risks

5
DECLARATION OF JULIE ROBEY

facing if the preliminary injunction sought by Plaintiffs is not granted; indeed, it is my understanding that each of these hotels pay average wage rates of far less than $15.37 per hour for most positions.

17. As a consequence of these circumstances, the Hotel will face economic pressure to strike a deal with the Union to obtain a waiver that will allow it to remain competitive in its market. The Holiday Inn Torrance is still assessing how it will respond to the projected annual increased costs that will result from the Hotel Workers Act. Raising the rates for our rooms or other services, including our banquet or other food and beverage offerings, is not a simple option. We would risk losing business to our competitors who are not covered by the Act.

18. In addition, at this time, we are locked into contractual arrangements for future banquet events, making it impossible, or impracticable in terms of customer relations, to increase costs for those events.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2015, in Los Angeles, California.

_____
Julie Robey

6
DECLARATION OF JULIE ROBEY

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 S. Hope St., 8th Floor, Los Angeles, California 90071.

On January 26, 2015, I served the document described as **DECLARATION OF JULIE ROBEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

**[X]** (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 26, 2015, Los Angeles, California.

By: _____//S//_____
Kristina S. Azlin

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450