Richard G. McCracken, SBN 062058
Andrew J. Kahn, SBN 228589
Paul L. More, SBN 243492
Yuval M. Miller, SBN 243492
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Tel:  (415) 597-7200
Fax:  (415) 597-7201
E-mail:      rmccracken@dcbsf.com
                  ajk@dcbsf.com
                  pmore@dcbsf.com
                  ymiller@dcbsf.com

*Attorneys for Proposed Intervenor UNITE HERE Local 11*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AMERICAN HOTEL & LODGING ASSOCIATION and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION,<br><br>               Plaintiffs,<br><br>        vs.<br><br>CITY OF LOS ANGELES,<br><br>               Defendant<br><br>_____<br><br>UNITE HERE LOCAL 11.<br><br>               Proposed Intervenor-Defendant | Case No.:  2:14-CV-09603-AB-SS<br><br>**DECLARATION OF THOMAS WALSH IN SUPPORT OF PROPOSED INTERVENOR UNITE HERE LOCAL 11's MOTION TO INTERVENE AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:         March 23, 2015<br>Time:        10:00 a.m.<br>Location:   Courtroom 4, 2nd Floor<br>                  312 N. Spring Street,<br>                  Los Angeles, CA 90012<br>Judge:      Honorable Andre Birotte, Jr.<br><br>Complaint Filed:  December 16, 2014 |

I, THOMAS WALSH, declare:

1.      I give this declaration in support of UNITE HERE Local 11's Motion to Intervene in this case and in opposition to the Motion for Preliminary Injunction filed in this matter by Plaintiffs American Hotel & Lodging Association and Asian American Hotel Owners Association.  I have personal knowledge of the matters stated herein.  I could testify to each of the facts stated below if called upon to do so.

2.      I am President of UNITE HERE Local 11 ("Local 11").  Local 11 is an affiliate of UNITE HERE, an international union representing workers in the hotel, gaming, food service, airport, textile, manufacturing, distribution, laundry, and transportation industries.  I have worked in Los Angeles for UNITE HERE since 1988.  In 1996, I was elected President of UNITE HERE Local 814, based in Santa Monica.  In 2002, I was elected Secretary-Treasurer of Local 11, after its merger with Local 814.  I was elected President of Local 11 in 2008.  Local 11 represents over 20,000 workers in hotels, restaurants, airports, sports arenas and convention centers throughout Southern California, including many workers covered by the Citywide Hotel Minimum Wage Ordinance (the "MWO" or "Ordinance) adopted by the City of Los Angeles last year.

3.      Local 11 lobbied for the enactment of the MWO.  Over the year-long process that led to the Ordinance's enactment, many Local 11 members attended City Council and Economic Development Committee meetings to show their support for establishing a reasonable minimum wage of $15.37, paid time-off, and service-charge protections for hotel workers at the City's larger hotels.

4.      Local 11 has supported and lobbied for other minimum-wage and worker-protection laws that the City has adopted, including the City's original living-wage ordinance in 1997, the Airport Hospitality Enhancement Zone Ordinance, which created a minimum wage for workers at large hotels in the LAX Corridor, and the Hotel Service-Charge Reform Ordinance, which also applied to large, LAX Corridor hotels and ended the reprehensible practice that some hotels follow of levying a "service charge" on customers' banquet, room service, porterage, and other bills, but not passing on this

1

"service charge" to the hotel workers who perform the service (as most customers reasonably expect). As Local 11's elected President, I think that it is a basic right to have dignified wages and benefits, compensated time-off so that workers can spend time with family and attend to emergencies, and protection against hotels diverting "service charges" that customers reasonably believe are being left for workers.

5.    The Ordinance allows employers and unions to agree to a waiver of its minimum-wage and other protections. I believe that such waivers are more accurately called "supersession clauses" in the parties' collective bargaining agreement. In this declaration, I use the terms "waiver" and "supersession clause" to refer to the same thing. All of the local living- or minimum-wage laws with which I am familiar, as well as many state worker-protection laws, similarly contain the ability for unionized employers and unions to agree to a different package of wages, benefits, and job protections by including such a supersession clause.

6.    Since the passage of the Ordinance, Local 11 has been approached by several unionized hotels to negotiate supersession clauses waiving the Ordinance's mandated wages and benefits. Local 11 considers agreeing to such clauses when the total package of wages, benefits, and job protections in the collective bargaining agreement it has with an employer is, in our view, superior to the benefits offered by the Ordinance.

7.    I have been informed by the attorneys representing Local 11 in this matter that Michael Czarcinski, the Managing Director of the Westin Bonaventure Hotel & Suites ("Westin Bonaventure"), has submitted a declaration in this case alleging that Local 11 and the Westin Bonaventure have not reached an agreement on a form of waiver that both parties agree to and that I have stated or implied that Local 11 would not agree to such a supersession clause with the Westin Bonaventure unless the Westin Bonaventure "helped" in unionizing a Holiday Inn located in Torrance and retail stores located within the Westin Bonaventure's "Galleria".

8.    Mr. Czarcinski and I began discussing a supersession clause soon after the Ordinance was passed, in November 2014. Local 11 has never conditioned its agreement

2

to a supersession clause for the Westin Bonaventure on Mr. Czarcinski's, the Westin Bonaventure's, or anyone else's "help" in unionizing other employers.

9.    In my opinion, Local 11's discussions with the Westin Bonaventure over the form of a waiver have proceeded on a good-faith basis.  I am informed that at one point—I am informed that it was December 17, 2014—Local 11's attorney proposed to the Westin Bonaventure's attorney a waiver that was conditioned on the Westin Bonaventure not joining this lawsuit, which had recently been filed.  In my experience, unions and unionized employers often condition their adoption or amendment of collective bargaining agreements on one side or the other dropping grievances or lawsuits that detrimentally affect the other.  But when Mr. Czarcinski reacted negatively to the proposal that the waiver be conditioned on the Westin Bonaventure not supporting this lawsuit, Local 11 withdrew that proposal, and I have not insisted on it since.

10.    In another gesture of good-faith dealing, Local 11 did not hold Mr. Czarcinski to a copy of the waiver that he signed on January 8, 2015 and provided to me through the Westin Bonaventure's Director of Human Resources.  Mr. Czarcinski telephoned me soon afterwards and said that his signing the waiver had been an "accident."  I assured him that Local 11 would not hold him to an agreement that he said he had signed accidentally.

11.    Over the recent Presidents Day weekend, Mr. Czarcinski emailed me another supersession clause, which I understood to be the version he wished to execute. On February 17, 2015, I tried telephoning Mr. Czarcinski to see if we were ready to execute the agreement he had sent me.  When I did not hear back from him, I walked the several blocks that separate Local 11's offices from the Westin Bonaventure.  I found Mr. Czarcinski in his office.  He greeted me and we executed a CBA supersession clause for the Westin Bonaventure, a true and correct copy of which is attached as Exhibit A to this Declaration.  The waiver is not conditioned on any changes in unionized Westin Bonaventure workers' terms or conditions of employment.

DECLARATION OF THOMAS WALSH                                   Case No. 2:14-CV-09603-AB-SS

12.     I have been informed by the attorneys representing Local 11 in this matter that Kevin Gleason, the Director of Labor Relations—West Coast for Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") has also submitted a declaration about Local 11's negotiations with Starwood for a supersession clause with regard to the W Los Angeles Westwood (the "W Hotel"). I am informed that Mr. Gleason has stated that he has not received responses to his requests for a waiver of the Ordinance's requirements, and that the W Hotel is "waiting for a waiver."

13.     On January 28, 2015, Mr. Gleason signed, and on January 30, 2015, I countersigned, the waiver attached to this Declaration as Exhibit B. As of that date, Local 11 and the W Hotel have a fully executed waiver. The CBA waiver that we executed is not conditioned on any changes in unionized W Hotel workers' terms or conditions of employment. Nor did Local 11 condition this waiver on Starwood "helping" Local 11 unionize other employers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of February, 2015 at Los Angeles, California.


THOMAS WALSH

DECLARATION OF THOMAS WALSH                                    Case No. 2:14-CV-09603-AB-SS

Exhibit A

## MEMORANDUM OF AGREEMENT

Interstate Hotels, LLC ("Employer") as agent for Today's IV, Inc. d/b/a The Westin Bonaventure Hotel & Suites and UNITE HERE Local 11 ("Union") are parties to two collective bargaining agreements ("CBAs") covering units of employees represented by the Union. The CBAs are effective December 1, 2013 to November 30, 2018, and are bona fide collective bargaining agreements. The Union hereby waives all provisions of the City of Los Angeles Citywide Hotel Worker Minimum Wage Ordinance (Los Angeles Ordinance No. 183241) ("Ordinance"), commencing on the effective date of the Ordinance, because the CBAs provide a superior package of wages, benefits, and job protections to the employees the Union represents. The CBAs are hereby deemed amended to include this waiver.

**Interstate Hotels, LLC as agent for**
**Today's IV, Inc. d/b/a The Westin**
**Bonaventure Hotel & Suites**

**UNITE HERE Local 11**


Michael Czarcinski
Managing Director

Thomas Walsh
President

Date: 2·17·15

Date: 2/17/15

Exhibit B

## MEMORANDUM OF AGREEMENT

The Sheraton Operating Corporation ( "Employer") as an agent for MINERS HOTEL OWNER LP dba the W Los Angeles – Westwood and UNITE HERE Local 11 ("Union") are parties to a collective bargaining agreement ("CBA") covering a unit of employees represented by the Union. The CBA is effective December 1, 2013 to November 30, 2018 and is a bona fide collective bargaining agreement.  The Union hereby waives all provisions of the City of Los Angeles Citywide Hotel Worker Minimum Wage Ordinance (Los Angeles Ordinance No. 183241) ("Ordinance"), commencing on the effective date of the Ordinance, because the CBA provides a superior package of wages, benefits and job protections to the employees the Union represents. The CBA is hereby deemed amended to include this waiver.

**For UNITE HERE Local 11:**                **For Sheraton Operating Corporation:**

Thomas Walsh
President

Date 1/30/15

Kevin Gleason
Director of Labor Relations

Date 1/28/15

**PROOF OF SERVICE**

I, Dinh Luong, declare as follows:

My business address is DAVIS, COWELL & BOWE, LLP, 595 Market Street, Suite 1400, San Francisco, California 94105.  On February 20, 2015, I served the foregoing document(s) described as:

- **DECLARATION OF THOMAS WALSH IN SUPPORT OF PROPOSED INTERVENOR UNITE HERE LOCAL 11's MOTION TO INTERVENE AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the interested parties, by (i) filing the document using the Court's ECF system, and (ii) placing a true copy thereof in a sealed envelope(s) addressed as follows, and depositing those envelopes with the U.S. Postal Service, with postage prepaid:

Kristina Starr Azlin
John A. Canale
**Holland & Knight LLP**
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Michael Starr
Katherine H. Marques
**Holland & Knight LLP**
31 West 52 Street
New York, NY 10019

*Attorneys for Plaintiffs American Hotel and Lodging Association and Asian American Hotel Owners Association*

Ronald S Whitaker
Sara Ugaz
**Los Angeles City Attorney's Office**
City Hall East
200 North Main Street Room 916
Los Angeles, CA 90012

*Attorneys for Defendant City of Los Angeles*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 20, 2015, at San Francisco, California.

_____
Dinh Luong